## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DIANNA MULLIGAN, MICHAEL MULLIGAN, and ADRIAN FLORES, | ] ] ] | CIVIL ACTION NO. _____ JURY |
| Plaintiffs, | ] ] | |
| v. | ] ] | COLLECTIVE ACTION |
| THE RESULTS COMPANIES LLC, | ] ] | |
| Defendant. | ] ] ] ] | |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

## PRELIMINARY STATEMENT

The Results Companies LLC ("Results" or "Defendant") violates the Fair Labor Standards Act (FLSA) by failing to pay its hourly call-center employees for all hours worked and for overtime. Dianna Mulligan, Michael Mulligan, and Adrian Flores bring this collective action to recover the unpaid wages owed to them and other similarly situated employees resulting from this violation of law.

## PARTIES

1.      Results is a Delaware limited liability company licensed to do business in Texas. Results' office in Corpus Christi is located at 400 Main Street, Suite 400, Corpus Christi, Texas 78401. Results can be served by serving its registered agent, National Corporate Research, Ltd., at 800 South Brazos, Suite 400, Austin, Texas 78701.

ORIGINAL COLLECTIVE ACTION COMPLAINT –Page 1

2.      Dianna Mulligan worked at Results' call center in Corpus Christi, Texas during the three year period preceding the filing of this Complaint.  She resides in Nueces County, Texas.  Her consent to participate in this action is attached as Exhibit A.

3.      Michael Mulligan has worked at Results' call center in Corpus Christi, Texas during the three year period preceding the filing of this Complaint.  He resides in Nueces County, Texas.  His consent to participate in this action is attached as Exhibit B.

4.      Adrian Flores worked at the Results' call center in Corpus Christi Texas during the three year period preceding the filing of this Complaint.  His consent to participate in this action is attached as Exhibit C.

5.      Dianna Mulligan worked as a telephone-dedicated employee, handling incoming calls all day, from April 2014 to March 2015 and from September 2015 to October 2015.  She worked as an Associate Trainer, responsible for training the telephone-dedicated employees, from March 2015 to August 2015.   Michael Mulligan is a telephone-dedicated Sales Representative, handling incoming calls all day, and has had that job since he began working at the Results office in Corpus Christi.   Flores was a telephone-dedicated Customer Service Representative, handling incoming calls all day, during the entire time he was employed by Results.  The Mulligans and Flores are referred to in this Complaint as "Call Center Workers" or "Plaintiffs".

6.      During the entire time at Results, the Call Center Workers were and have been paid on an hourly basis, but not for all hours worked, including overtime hours.  Other telephone-dedicated employees and Associate Trainers have worked at Results without getting paid for all hours worked, including overtime hours. Each similarly situated person who participates as a plaintiff in this lawsuit ("Opt-in Plaintiff Class Member") will execute and file a Notice of

ORIGINAL COLLECTIVE ACTION COMPLAINT –Page 2

Consent. Individuals similarly situated to the Call Center Workers are the telephone-dedicated employees or associate trainers paid on an hourly basis who work or have worked in a Results call center in the United States, including the Corpus Christi, Texas call center, from three years prior to the filing of this Complaint to the present (collectively, the "Members of the Class").

## JURISDICTION

7.      This Court has jurisdiction under 28 U.S.C.A. § 1331 (West 2015) because the Plaintiffs have asserted a claim arising under federal law, the Fair Labor Standards Act, 29 U.S.C. §§ 201-216 ("FLSA").

## VENUE

8.      Venue is proper in the Southern District of Texas under 28 U.S.C. §1391(b) because Results regularly conducts business in this District and the events forming the basis of the suit occurred in this District.

## FLSA COVERAGE

9.      At all times mentioned, Results has been an employer within the meaning of Section 3(d) of the FLSA. 29 U.S.C. § 203(d).

10.     At all times mentioned, Results has been an enterprise within the meaning of Section 3(r) of the FLSA.  29 U.S.C. § 203(r).

11.     At all times mentioned, Results has been an enterprise engaged in interstate commerce within the meaning of Section 3(s)(l ) of the FLSA. 29 U.S.C. § 203(s)(l).  Results has had employees engaged in interstate commerce and, on information and belief, Results has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated) during the relevant time period.

ORIGINAL COLLECTIVE ACTION COMPLAINT –Page 3

12. At all times mentioned, Plaintiffs and the Members of the Class were and/or are engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## FACTS

13. Results, which bills itself as "one of the world's leading Customer Experience Management Providers," serves top companies in energy, finance, healthcare, communications and other industries. With over 10,000 employees worldwide and thirteen locations in the United States, Results is well aware of the FLSA's requirements. The thousands of telephone-dedicated employees in Results' call centers form the backbone of the company's customer management operations.

14. The Call Center Workers serve(d) Sirius/XM in the Results Corpus Christi office. The Members of the Class in the Corpus Christi office also serve(d) Direct Energy and more recently, H&R Block. Other Results call center locations serve(d) other clients. At any given time, Results employs thousands of telephone-dedicated employees and trainers in its call centers, with 300 to 400 in the Corpus Christi, Texas call center alone.

15. According to Results' Human Resources personnel, the change from Results Associate to Associate Trainer is not considered a promotion. Like the telephone-dedicated employees, Associate Trainers are paid hourly. Associate Trainers train the telephone-dedicated employees on the automated phone system and how to handle phone calls, and they assist the call center employees during the day. Associate Trainers also are required each day to log into and out of a system called Results Net ("RNET"). It is the policy and practice of Results that Associate Trainers are not paid for the time spent logging into and out of RNET. For a minimum of four hours per month, Associate Trainers are required to respond to calls the same as the

ORIGINAL COLLECTIVE ACTION COMPLAINT –Page 4

telephone-dedicated employees, requiring the Associate Trainers to log into and out of the automated telephone system just like the telephone-dedicated employees. Associate Trainers frequently spend many more hours per month handling incoming calls. While Dianna Mulligan worked as a Results Associate Trainer, she did not receive payment for the time spent prior to and logging into and out of the RNET system. These activities are principal activities and were or are incidental and/or integral to Dianna Mulligan's principal activities, and those of other Associate Trainers.

16. During the relevant time period, the Call Center Workers and the Members of the Class worked or work on average over 40 hours per week.

17. The Call Center Workers handling incoming calls are not paid according to the time they actually work for Results. Instead, they are paid based on the time they are actually logged into an automated phone system and responding to calls. The Call Center Workers are required to perform various tasks prior to signing on and off the automated phone system. These activities are principal activities or are incidental and/or integral to the Call Center Workers' principal activities and are enforced by Results as a company policy. While Dianna Mulligan worked as a Results Associate Trainer, she did not receive payment for the time spent prior to and logging into and out of the RNET system.

18. Results is aware of the time employees spend working before and after their assigned phone-shift. Results has unlawfully refused to pay its employees for this time spent on its behalf.

19. The work performed prior to and after the Call Center Workers' assigned phone-shift is substantial and for the significant benefit of Results, necessary to Results' business, and was conducted in the normal course of Results' business. Results' employees are expected to

ORIGINAL COLLECTIVE ACTION COMPLAINT –Page 5

arrive at work early to prepare to answer calls during their assigned phone-shift and for pre-training meetings.  Employees also are expected to stay after their assigned phone-shifts to conclude their work for the day.  It is Results' policy and practice that such employees are routinely not compensated for such pre and post-shift periods.  Failing to meet Results' performance standards results in discipline and termination.

20.    The Call Center Workers work at stations that include a desk, a chair, a computer, and phone equipment.  The Call Center Workers do not get paid until they locate an unoccupied work station, prepare for calls and log-in to the automated phone system.  Results has typically over-scheduled these workstations to keep all of them constantly occupied by employees.  Accordingly, Call Center Workers spend time at work searching for or waiting for an available work station without getting paid.  Results prohibits the Call Center Workers from logging onto the automated phone system until a work station becomes available, yet they must remain present during their scheduled shift without payment for this waiting time.

21.    In addition, the Call Center Workers were and are required to stay current on updated information relating to the client for whom they handle the incoming calls.  The Call Center Workers must review this information prior to logging in to the automated system because they are required to maintain certain levels of "handle" time, which is the average time it takes to "handle" a call.  The information is made available to the Call Center Workers only at the Center.  It is and has been the policy and practice of Results to not pay for the time required to review the updated client information.

22.    During a training segment called "grad school", which every Results employee must attend, the Call Center Workers have been and are required to arrive at work fifteen minutes before training and to attend pre-training meetings,  time for which they did not get paid per

ORIGINAL COLLECTIVE ACTION COMPLAINT –Page 6

Results' policy and practice.

23.    About 20 to 25% of the time during average weekly shifts, the Call Center Workers experienced computer system problems.  When these problems occurred, the Call Center Workers had to re-start the computers.  During this time, the Call Center Workers were logged off the automated phone system and, consequently, they did not get paid for the time spent trying to log back into the system.  That policy and practice continues to the present.

24.    Results has a company policy of allowing two 15-minute breaks for call center employees who work approximately 7.50 hours in a given day.  The breaks are scheduled for certain times during the day and call center employees must take the breaks when scheduled or they will be subject to discipline.  Even though call center employees earn the promised 15-minute breaks by working approximately 7.50 hours per day, Results' policy is that the employee will not normally be paid for any break time if the break time the employee takes exceeds the scheduled break time.  Exceeding the scheduled break time results in a disciplinary deduction from pay. Thus, pursuant to the Results policy, supervisors deduct the break time from a call center employee's wages if the employee returns late from a break.  For example, if a call center employee returns from break after 16 minutes instead of the scheduled 15 minutes, Results deducts the entire 16-minute break from the employee's pay even though the employee was only a minute late from break.  The Call Center Workers have had their full 15-minute break time deducted from their pay even though they were only a minute or two late from the break.  That policy and practice continues to date.

25.    When a call center employee's pay is calculated, the break periods are included as hours worked and are paid *unless* the employee returns late from their break.  Pre- and post-shift log-in and log-out times, however, are not taken into consideration and are not applied to the call

ORIGINAL COLLECTIVE ACTION COMPLAINT –Page 7

center employees' total time worked during the day for purposes of permitting a second break. If an employee has to take a short break to handle a personal matter, that time is deducted from the employees' time for the day for purposes of determining the number of breaks an employee is allowed during the day. If the payroll system does not show that an employee worked approximately 7.50 hours in a given day, then the employee's second break is deducted from his or her paycheck. Thus, even though a call center employee actually worked 7.50+ hours per day when the pre- and post-shift login and logout times are included in the calculation of the hours worked, the employee will not be given credit for that time and may lose his or her wages for break times if personal time taken by the employee results in the system showing less than 7.50 hours worked in a given day.

26.    The Results' call center employees are given 30 minutes for lunch during which time they are not paid. In about May and June 2014, while Dianna Mulligan was working on the 3:00 pm to midnight shift at the Results call center in Corpus Christi, the Results' system under which the hours worked were calculated cut off the hours worked at 11:00 pm even though the employees worked until midnight. This policy and practice resulted in those employees in time zones other than the Eastern time zone losing the wages for their second 15-minute break because they were determined not to have worked the requisite 7.50 hours for two breaks after deducting the 30 minute lunch period.

27.    The Call Center Workers also were required to work over 40 hours a week without overtime pay if the Workers worked less than a 40-hour work week in a *prior* week or weeks. For example, if a Call Center Worker worked 37 hours in one week, the Call Center Worker was required to work 43 hours the following week to make up the 3 hours that were not worked the previous week. The Call Center Workers were not paid overtime for the hours worked over 40

ORIGINAL COLLECTIVE ACTION COMPLAINT –Page 8

hours during the make-up weeks, per Results' policy and practice.

28.     Results willfully and intentionally has failed and refused to compensate the Call Center Workers for all time worked.  The Call Center Workers complained several times about the practice of not paying for all hours worked, but they were either ignored or informed that the time for which they were not paid was not compensable.  As a result of Results' policy, pattern, and practice, the Call Center Workers were not paid for all hours worked and were not paid overtime for all hours worked in excess of forty in a workweek, as required by law.  *See* 29 U.S.C. 207(a).

29.     The Call Center Workers are aware of other current and former employees who are similarly situated in that they are telephone-dedicated employees and/or trainers who are not paid for all hours worked and are not exempt.  Results has implemented and applied the same policies for the thousands of employees who worked as Associates, Customer Service Representatives, Sales Representatives, and Associate Trainers.  Therefore, pursuant to 29 U.S.C. § 219(b), the Call Center Workers sue on behalf of themselves and all other employees regardless of their title who are similarly situated employees.  They also request that the Court authorize Plaintiffs' counsel to provide notice to similarly situated employees without regard to their job title during the pendency of this action and apprise them of their right to join this lawsuit.

30.     Results' conduct described above constitutes a willful and intentional violation of the FLSA. Results is aware of its responsibility to track hours worked by the call center employees and to pay them for all hours worked, including all overtime paid at one and one-half times the regular rate. Call center employees must use individual electronic badges to access their calling floor.  Results uses these badges for security reasons, to track individual employees'

ORIGINAL COLLECTIVE ACTION COMPLAINT –Page 9

location in the building and the times they are present. Accordingly, Results is well aware of the number of hours its employees' work, but Results still refuses to pay for all hours worked.

## INDIVIDUAL ALLEGATIONS

31.    Section 207(a)(1) of FLSA provides:

> "[N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

32.    During the relevant period, the Call Center Workers regularly worked more than forty hours in a workweek.  They were entitled to be paid overtime compensation as provided under Section 207(a) of the FLSA for all hours worked in excess of forty hours in a workweek.

33.    No exemption excused Results from paying the Call Center Workers overtime compensation and Results has not made a good faith effort to comply with the FLSA.  Results instead knowingly, willfully, or with reckless disregard carried out an illegal pattern or practice regarding the amount the Call Center Workers were paid.  Results' failure to pay these employees for all overtime worked is and was a clear violation of the FLSA.

34.    On information and belief, the failure by Results to pay the Call Center Workers for all time actually worked resulted in Results' paying those Workers below the minimum wage required by the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

35.    The Members of the Class had similar schedules and responsibilities as the Call Center Workers.  The Members of the Class were subjected to the same pay practices and policies as the Call Center Workers.  They also were not paid for the time to log into and out of

ORIGINAL COLLECTIVE ACTION COMPLAINT –Page 10

the automated telephone system under similar forty-hour workweeks, for their time to log into and out of the RNET system, for their break time when they were late returning from break, for training, for update reading, for computer downtime, for searching for a workstation, for overtime hours worked in a make-up week, or when they worked the 3:00 pm to midnight shift. The Members of the Class are similarly situated in terms of Results' failure to pay them in accordance with the FLSA.

36.    Although the amount of damages may vary from individual to individual, the damages can be calculated by using a single mathematical formula that is individually applicable to each Member of the Class.  The Members of the Class are similarly situated in terms of pay provisions.

37.    Results' failure to pay overtime compensation as required by the FLSA results from generally applicable policy, practices, and enforced job requirements that do not depend on the personal circumstances of the Members of the Class.  The generally applicable policies are specifically prohibited by the FLSA.  Thus, the Call Center Workers' experiences are typical of the experience of the Members of the Class.

38.    No justification exists for Results' failure to pay the Members of the Class for all hours worked.  Likewise, no exemption exists to excuse Results' failure to pay overtime pay for all hours worked over forty hours per workweek.  Results has not made a good faith effort to comply with the FLSA with respect to the Members of the Class.  Instead, Results knowingly, willfully, with intent or with reckless disregard carried out an illegal pattern or practice regarding the amount the Members of the Class were paid.  Results' failure to pay the Members of the Class for all overtime worked is and was a clear, willful and intentional violation of the FLSA.

39.    Accordingly, the class of similarly situated Plaintiffs is properly defined as:

ORIGINAL COLLECTIVE ACTION COMPLAINT –Page 11

All current and former employees of the Results Companies employed in the United States as hourly call-center employees during the three year period preceding the filing of this Complaint.

## COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT
## FAILURE TO PAY OVERTIME (COLLECTIVE ACTION)

40.    The Call Center Workers incorporate the allegations in the preceding paragraphs as if fully set forth in their entirety.

41.    During the relevant period, Results violated Section 7 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2).  The Call Center Workers and Members of the Class work more than forty hours in a week without receiving pay at one and one-half times their regular rates for all hours worked in excess of forty hours. Results has acted willfully in failing to pay the Call Center Workers, and the Members of the Class in accordance with the law.  *See* 29 U.S.C. §255(a).

42.    The Call Center Workers and the Members of the Class are therefore entitled to their unpaid wages at one and one-half times their regular pay for all hours worked in excess of 40 hours in a work week.

43.    The Call Center Workers and the Members of the Class are entitled to an amount equal to two times all of their unpaid overtime compensation as liquidated damages.

44.    The Call Center Workers and the Members of the Class also are entitled to reasonable attorneys' fees, costs and expenses, and pre- and post-judgment interest.  *See* 29 U.S.C. § 216(b).

## COUNT II: BREACH OF CONTRACT

45.    The Call Center Workers incorporate the allegations in the preceding paragraphs as if fully set forth in their entirety.

46.    Results agreed to pay the Call Center Workers for all time worked for Results, including two breaks during each day that a Call Center Worker worked at least 7.50 hours.  The

ORIGINAL COLLECTIVE ACTION COMPLAINT –Page 12

Call Center Workers arrived at work early to log into the automated telephone system and review materials in preparation for handling calls, stayed at work to log out of the automated telephone system, worked 7.50 hours to earn two breaks, arrived early to work for training, remained at work available to work until a computer system became available when a computer workstation was not available, and remained at work and available to work when the computer systems went down. While she was an Associate Trainer, Dianna Mulligan arrived at work early to log into the RNET system and stayed at work until she had logged out of the RNET system.

47.     Results breached its agreements with the Call Center Workers when it failed to pay the Call Center Workers regular wages for all non-overtime hours. Specifically, Results failed to pay the Call Center Workers for the time it took to log into and out of the automated telephone system, for time to log into and out of the RNET system, for the full break time when the Call Center Workers were late returning from their break, for training, for update reading, for computer downtime, for searching for a workstation, and for all break time when the Call Center Workers worked the 3:00 pm to midnight shift.

48.     The Call Center Workers were damaged by Results' failure to pay them for all regular, non-overtime hours worked.

49.     The Call Center Workers are entitled to recover their unpaid wages.

50.     On or about the time this Complaint was filed, the Call Center Workers served a demand for payment of their wage claims and a demand for attorneys' fees.

51.     The Call Center Workers are entitled to their attorneys' fees, pre- and post-judgment interest, and costs of suit.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury.

## RELIEF SOUGHT

The Call Center Workers and the Members of the Class request judgment against Results awarding:

a.      Unpaid overtime wages due to the Call Center Workers and the Opt-in Plaintiff Class Members;

b.      Liquidated damages equal in amount to the unpaid overtime wages due to the Call Center Workers and the Opt-in Plaintiff Class Members;

c.      Unpaid regular, non-overtime wages owed to the Call Center Workers;

d.      Reasonable attorneys' fees;

e.      Costs and expenses;

f.      Pre- judgment and post-judgment interest at the highest rates allowed by law; and

g.      Such other relief as may be necessary and appropriate.

Respectfully Submitted,

/s/  Jennifer J. Spencer

Jennifer J. Spencer
Attorney-in-Charge
State Bar No. 10474900
Southern District of Texas ID No. 16372
jspencer@spencerscottlaw.com
Mary L. Scott *(application for admission pending)*
State Bar No. 17906750
mscott@spencerscottlaw.com
James E. Hunnicutt *(application for admission pending)*
State Bar No. 24054252
jhunnicutt@spencerscottlaw.com
Spencer Scott pllc
Two Lincoln Centre
5420 LBJ Freeway, Suite 300
Dallas, Texas 75240-6271
(972) 458-5319 (Telephone)
(972) 770-2156 (Fax)

*Attorneys for Plaintiffs Dianna Mulligan, Michael Mulligan, and Adrian Flores*

ORIGINAL COLLECTIVE ACTION COMPLAINT –Page 15

# EXHIBIT A
## Consent Form – Dianna Mulligan

IN RE:  OVERTIME ACTION AGAINST


THE RESULTS COMPANIES

**NOTICE OF CONSENT**


I, the undersigned, an employee currently or formerly employed by The Results Companies, hereby consent to be a party plaintiff in an action to collect unpaid wages.


_DIANNA L. MULLIGAN_____

Dianna Mulligan

_____

Signature


_01/26/2016_____

Date

ORIGINAL COLLECTIVE ACTION COMPLAINT –Page 16

# EXHIBIT B
## Consent Form – Michael Mulligan

IN RE: OVERTIME ACTION AGAINST

THE RESULTS COMPANIES

**NOTICE OF CONSENT**

      I, the undersigned, an employee currently or formerly employed by The Results Companies, hereby consent to be a party plaintiff in an action to collect unpaid wages.

    MICHAEL JAY MULLIGAN II
Full Legal Name (print)

Signature

Date

019

# EXHIBIT C
## Consent Form – Adrian Flores

| IN RE: OVERTIME ACTION AGAINST | |
| --- | --- |
| THE RESULTS COMPANIES | **NOTICE OF CONSENT** |

I, the undersigned, an employee currently or formerly employed by The Results Companies, hereby consent to be a party plaintiff in an action to collect unpaid wages.

_Adrian L Flores_

Full Legal Name (print)

_(signature)_

Signature

1-8-16

Date

021